UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ALVE,<br><br>                             Petitioner,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>                             Respondents. | Case No.:  21-cv-349-CAB-DEB<br><br>**REPORT AND RECOMMENDATION ON RESPONDENTS' MOTION TO DISMISS**<br><br>**[DKT. NO. 15]** |

This Report and Recommendation is submitted to United States District Judge Cathy Ann Bencivengo pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1.d and HC.2.

## I.     INTRODUCTION

Petitioner Alejandro Alve is an inmate at Solano State Prison. On February 19, 2021, he filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1. The Petition alleges Alve is "unlawfully in prison via 'Information' rather than an 'Indictment' by the grand jury as a condition precedent for confinement in state prison." *Id*. at 10.

On April 27, 2021, Respondents filed a Motion to Dismiss Alve's Petition. Dkt. No. 15. Respondents also lodged filings from Central District of California Case No. 99-cv-09167-CAS-EE as follows: (1) a Report and Recommendation; (2) a Final Report and

Recommendation; and (3) an Order Accepting and Adopting Findings and Recommendations. Dkt. No. 16. On May 14, 2021, Alve filed an Opposition. Dkt. No. 17.

Upon consideration of the Petition, Motion to Dismiss, Opposition, and supporting documents, the Court Recommends GRANTING Respondents' Motion to Dismiss.

## II.  PROCEDURAL BACKGROUND

The following procedural history is taken from the San Diego County Superior Court's Order Denying Petition for Writ of Habeas Corpus, which Alve attached to this Petition:

> In 1976, Petitioner was convicted of two counts of first-degree murder and simple assault, and was sentenced to death. His first appeal resulted in reduction of the death sentence to a sentence of life in prison, and a retrial with respect to his sanity. A second jury found Petitioner sane at the time of the commission of each of the offenses. That judgment was affirmed on appeal.

Dkt. No. 1 at 17.

Alve has filed at least one other federal petition for a writ of habeas corpus challenging his conviction. On September 9, 1999, Alve filed a petition in the Central District of California (Case No. 99-cv-09167-CAS-EE) ("1999 Federal Petition"). Dkt. No. 16. The 1999 Federal Petition raised two claims: (1) he "has been punished twice in violation of the constitution and [(2)] [he was] deprived of other constitutional rights" (i.e., he "cannot vote and earns less than minimum wage."). Dkt. No. 16-2 at 4. The court ruled the 1999 Federal Petition was untimely (*id*. at 6), and "to the extent that [Alve] may be attempting to challenge conditions of confinement," these claims were not reviewable in a habeas corpus action (*id*. at 2). The court, therefore, dismissed the 1999 Federal Petition with prejudice. Dkt. No. 16-1 at 1.

On July 29, 2020, Alve filed a Petition for Writ of Habeas Corpus in the California Superior Court. Dkt. No. 1 at 17. In that Petition, Alve raised the same issue he raises here: he "should have been charged by Indictment instead of an Information." *Id*. at 18. On September 30, 2020, the Superior Court denied the Petition as successive to "numerous

petitions for writ of habeas corpus in [state] court, raising a wide variety of claims" and because it "lack[ed] any legal merit." Dkt. No. 1 at 17–18. On October 30, 2020, the California Court of Appeal denied a subsequent Petition raising this issue, finding it both "barred as untimely" and "meritless." Dkt. No. 1 at 22.

On February 19, 2021, Alve filed this Petition in the Central District of California. Dkt. No. 1. On February 26, 2021, it was transferred to this Court. Dkt. No. 5.

### III. ANALYSIS

The Petition raises one ground for relief: "Petitioner was unlawfully in prison via 'Information' rather than an 'Indictment' by the grand jury as a condition precedent for confinement in state prison." Dkt. No. 1 at 10. Respondents move to dismiss the Petition as untimely and successive. Dkt. No. 15-1 at 2.

**A. Timeliness**

The Court first addresses Respondents' argument that Alve's Petition is untimely.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). "[A] prisoner with a state conviction finalized before [AEDPA's enactment on] April 24, 1996 . . . had until April 23, 1997 to file a federal habeas petition." *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999); *Calderon v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 128 F.3d 1283, 1287 (9th Cir. 1997) ("AEDPA's one-year time limit did not begin to run against any state prisoner prior to the statute's date of enactment."), *overruled in part on other grounds by Calderon v. U.S. Dist. Court for Cent. Dist. of California*, 163 F.3d 530 (9th Cir. 1998).

A state court finding a state habeas petition untimely is generally sufficient grounds to bar a federal habeas petition. *See Nolan v. Callahan*, No. 20-55714, 2021 WL 3829361, at *1 (9th Cir. Aug. 27, 2021) ("California's timeliness requirement is an independent and adequate state procedural rule which will bar federal relief if violated.") (citing *Walker v. Martin*, 562 U.S. 307, 316–317 (2011)). The state court found the exact claim Alve raises

in the instant Petition ("his confinement is illegal because he was charged by felony complaint rather than by indictment by a grand jury") untimely. Dkt. No. 1 at 22. This finding, therefore, supports dismissal of Alve's Petition.

Moreover, the Central District dismissed Alve's 1999 Federal Petition as untimely. *See* Dkt. No. 16-2 at 4–6 ("The judgment in [Alve's] case became final in 1981 . . . the expiration of Alve's limitation period was April 23, 1997," however, "[Alve] did not file the present petition until September 9, 1999."). Under this same analysis, Alve's instant Petition is also untimely.

Alve argues "[i]n this particular case, there is an exception to any procedural bar." Dkt. No. 17 at 5. Namely, in his retrial on sanity in 1979, the district attorney "suggested" conducting various tests on Alve, did not provide the "inconclusive" test results to the jury, and explained to Alve that "this type of documentation is not acceptable in a court of law," all of which "impeded [Alve] from filing an appeal." *Id*. at 2–4.

AEDPA provides a later commencement date for the limitations period "if 'the applicant was prevented from filing' a *federal habeas petition* by an 'impediment created by State action in violation of the Constitution or laws of the United States.'" *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009) (quoting 28 U.S.C. § 2244(d)(1)(B)) (edits omitted) (emphasis added).

Alve's procedural bar argument pertains to his 1979 sanity retrial in state court. Alve does not establish, however, an impediment to the filing of a federal petition. *See Barth v. Lackner*, Case No. 15-cv-01398-DMG-RAO, 2016 WL 4726565, at *3 (C.D. Cal. Jan. 27, 2016) ("[D]elayed accrual under § 2244(d)(1)(B) is not warranted because Petitioner has not shown that a state impediment prevented the filing of a federal habeas petition. Rather, Petitioner claims that the state impeded his ability to file a petition for review in the California Supreme Court on direct review."), *report and recommendation adopted*, 2016 WL 4718943 (Sept. 9, 2016).

Equitable tolling is also unavailable here. Equitable tolling applies when a petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). "[T]he threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

Alve, who "bears the burden of showing that equitable tolling is appropriate," *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005), has not shown any extraordinary circumstance here. Alve provides no explanation why he could not have raised the issue presented in this Petition (i.e., he is "unlawfully in prison via 'Information' rather than an 'Indictment'") earlier, and none is apparent to the Court. *See Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005) ("Each of the cases in which equitable tolling has been applied have involved *wrongful* conduct. . . . Moreover, in each case, the misconduct has actually prevented the prisoner from preparing or filing a timely petition.") (emphasis in original).

In sum, the Court finds Alve's Petition is untimely, and no State impediment or extraordinary circumstance prevented Alve from filing a timely federal habeas petition. Accordingly, the Court recommends dismissing the Petition as untimely.

**B. Second or Successive Petitions**

Respondents also argue that because "Alve unsuccessfully challenged his state court conviction via federal habeas in 1999" and now raises a claim challenging the same conviction, "the Court lacks jurisdiction to adjudicate the Petition."

With certain exceptions, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(2). "Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (quoting *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001)); *see also Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) ("[A] federal habeas petition is second or successive if the facts underlying the

claim occurred by the time of the initial petition, and if the petition challenges the same state court judgment as the initial petition.") (citation omitted). A dismissal based on the statute of limitations constitutes a judgment on the merits. *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) (holding dismissal on statute of limitation grounds is treated "as a judgment on the merits"); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (Dismissal on statute of limitations grounds is a "permanent and incurable" bar to federal habeas review and "renders subsequent petitions second or successive. . . .").

The Central District dismissed Alve's 1999 Federal Petition as untimely. Dkt. Nos. 16-1 at 1; 16-2 at 4. The instant Petition challenges the same conviction as the 1999 Federal Petition. *Compare* Dkt. No. 1 at 2 (Instant Petition: "Conviction on which petition is based: first degree murder; death commuted to 7 to life in 1976"), *with* Dkt. No. 16-2 (Central District Adopted Report and Recommendation: "On July 29, 1976, petitioner was convicted of two counts of murder. . . . Although initially sentenced to death, Petitioner's sentence was modified to seven years to life."). Finally, the issue raised in this Petition (i.e., the State proceeded on an information, not an indictment) was known or knowable and could have been raised in Alve's 1999 Federal Petition. The instant Petition, therefore, is successive. *Al Khafaji v. Koenig*, No. 19-cv-2413-MMA-LL, 2020 WL 1624063, at *2 (S.D. Cal. Apr. 2, 2020) (holding petition second or successive where: (1) prior federal action "clearly resulted in a judgment denying the previous federal Petition on the merits"; (2) "the instant petition and the prior petition both challenge the same judgment[; and (3)] that the facts and events supporting Ground One [of the petition]. . . happened well before the time the prior petition was filed.").

District courts lack jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court. *See* 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 153. Alve has made no claim that he obtained permission from the Ninth Circuit to bring this Petition, and the Court's search of the Ninth Circuit's docket has found no such authorization. The Court, therefore, recommends dismissing the Petition for lack of jurisdiction.

**C. CONCLUSION**

Based on the foregoing, IT IS RECOMMENDED the District Court GRANT Respondent's Motion to Dismiss (Dkt. No. 17) because the Petition is untimely and successive.

IT IS HEREBY ORDERED that **on or before November 16, 2021,** any party to this action may file and serve written objections to this Report and Recommendation. The document should be captioned "Objection to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to objections must be filed and served **within seven (7) days of the filing of the objections**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: October 26, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge