UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ALVE,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>GAVIN NEWSOM, et al,<br><br>　　　　　　　　　　Respondent. | Case No.: 21cv349-CAB-DEB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 18] AND GRANTING RESPONDENT'S MOTION TO DISMISS [Doc. No. 15]** |

　　　Alejandro Alve ("Petitioner"), is a state prisoner proceeding *pro se* with a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] This matter was referred to United States Magistrate Judge Daniel E. Butcher pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Butcher issued a Report and Recommendation ("Report") recommending the Court grant Respondent's motion to dismiss. [Doc. No. 18.] Petitioner filed objections to the Report. [Doc. No. 19.]

　　　Following *de novo* review of Petitioner's claims, the Court finds the Report to be thorough, complete, and an accurate analysis of the legal issues presented in the petition. For the reasons explained below, the Court: (1) adopts the Report in full; (2) rejects Petitioner's objections; (3) grants Respondent's motion to dismiss; and (4) denies a certificate of appealability.

# BACKGROUND

## I. State Procedural Background

The Report contains a complete and accurate summary of the state court proceedings, and the Court fully adopts the Report's statement of state procedural background.

## II. Federal Procedural Background

On February 19, 2021, Petitioner filed this petition in the Central District of California. [Doc. No. 1.] On February 26, 2021, the Petition was transferred to this Court. [Doc. No. 5.] On April 27, 2021, Respondent filed a motion to dismiss. [Doc. No. 15.] On October 26, 2021, Magistrate Judge Butcher issued a Report recommending that the motion to dismiss be granted. [Doc. No. 18.] On November 12, 2021, Petitioner filed an Objection to the Report. [Doc. No. 19.] Because Petitioner has objected to the Report in its entirety, the Court reviews the Report *de novo.* 28 U.S.C. § 636(b)(1)(C); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

# DISCUSSION

Respondent moves to dismiss the Petition on the grounds that it is untimely and successive. [Doc. No. 15-1 at 2.]

A. Timeliness.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Here, for the reasons given by the Magistrate Judge, Alve's Petition is untimely, and no State impediment or extraordinary circumstances prevented Alve from filing a federal habeas petition. [Doc. No. 18 at 3-5.] In his objections, Petitioner claims he was prevented from appealing his case because, in his retrial on sanity in 1979, the district attorney suggested Petitioner submit to various mental capacity tests but did not provide the test results to the jury. [Doc. No. 19 at 2-3.] However, as noted by the magistrate judge, Alve does not establish how this prevented him from filing a federal petition.

[Doc. No. 18 at 4 (citations omitted).] Therefore, the Court adopts the Report and grants the motion to dismiss on the grounds that the Petition is untimely.

B.  Successive.

With certain exceptions, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(2). "Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (*quoting Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001). Here, Alve filed a Federal Petition in the Central District in 1999 challenging his state court conviction. The Central District denied the 1999 Petition as untimely. As noted by the Magistrate Judge, the current Petition challenges the same conviction as the 1999 Petition, and the issue raised in this Petition could have been raised in the 1999 Petition.[1] As a result, this Petition is successive. Given that Alve has not obtained permission from the Ninth Circuit to bring this Petition, the court lacks jurisdiction. Accordingly, the Court adopts the Report and grants the motion to dismiss for lack of jurisdiction.

### CERTIFICATE OF APPEALABILITY

A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C. § 2253(c)(1)(A) (2007). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To make a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of

---

[1] In his Objections, Petitioner claims that in the 1999 Petition he was not challenging his conviction but only the conditions of confinement. [Doc. No. 19 at 4.] However, in the 1999 Petition, Petitioner did make constitutional claims about his conviction [ ". . . contending that he has been punished twice in violation of the constitution . . ."] in addition to other claims about his constitutional rights as a prisoner. [Doc. No. 16-2 at 3-4.]

the constitutional claims debatable[.]' " *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir.2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not made a "substantial showing" as to any of the claims raised by his petition, and thus the Court *sua sponte* denies a certificate of appealability.

## CONCLUSION

For the reasons set forth above, the Court hereby: (1) ADOPTS the Report in full; (2) rejects Petitioner's objections; (3) GRANTS the motion to dismiss the Petition; and (4) denies a certificate of appealability.

**IT IS SO ORDERED.**

Dated:  December 3, 2021

Hon. Cathy Ann Bencivengo
United States District Judge